UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALIE GUANCIONE,<br><br>    Plaintiff,<br><br>v.<br><br>VICTOR GUEVARA,<br><br>    Defendant. | Case No. 23-cv-01924-JSW<br><br>**ORDER DENYING MOTION REMAND AND GRANTING MOTION TO DISMISS AND DISSOLVE TRO**<br><br>Re: Dkt. Nos. 15, 17, 23, 24, 30 |

Now before the Court for consideration are the motions to strike, remand, and transfer division assignment filed by Plaintiff Rosalie Guancione ("Plaintiff") and the motion to dismiss for lack of subject matter jurisdiction and to dissolve the civil Temporary Restraining Order ("TRO") filed by Defendant Victor Guevara ("Defendant"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds this matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court HEREBY VACATES the hearing scheduled for June 9, 2023.[1] For the following reasons, the Court DENIES Plaintiff's motion for remand and GRANTS Defendant's motion to dismiss.

**BACKGROUND**

On April 3, 2023, Plaintiff filed "EA-100 Request for Elder or Dependent Adult Abuse Restraining Order" in Santa Clara County Superior Court against Victor Guevara. (Not. of Removal ¶1, Ex. A.) In the Request for Elder of Dependent Adult Abuse Restraining Order, Plaintiff alleges Guevara abused her in 2019 when he was one of four burglars who brandished pistols while breaking and entering into her property and demanding her tenants leave the

---

[1] Because this matter is suitable for disposition without oral argument, the Court DENIES AS MOOT Plaintiff's request to change the hearing date. (*See* Dkt. No. 30.)

premises. (*Id.*, Ex. A. at 12, 13.) Plaintiff asked the court to forbid Guevara from burning her house down or using incendiary devices directed at her property, located at 560 Hobie Lane, San Jose, California. (*Id.* at 15.) She further requested stay-away orders and alleged that Defendant possessed a firearm. (*Id.* at 15, 16.)

On April 6, 2023, the state court granted Plaintiff a TRO as requested in the Form EA-100, which would remain in effect until an April 24, 2023 hearing. (*Id.*, Ex. A at 5.) Specifically, the TRO stated that Guevara may "not burn down or use incendiary devices against" Plaintiff or the property; that Guevara must stay 100 yards away from Plaintiff, her home, and her vehicle; that Guevara must sell or store his firearm and file a receipt with the Court; and that Guevara must stay away from Plaintiff's dogs. (*Id.*, Ex. A at 6-7.)

On April 21, 2023, the Government removed the action to this court under 28 U.S.C. section 1442(a)(1) alleging that this action is against a former federal employee and the TRO arises out of and relates to his federal duties. (*Id.* ¶ 7.) The Government provided a "Scope of Federal Employment Declaration," which states that Guevara was employed as a Deputy U.S. Marshal ("DUSM") with the U.S. Marshals Service for the Northern District of California in October 2019. (*Id.*, Ex. B at ¶ 2.) The declaration states that on October 29, 2019, DUSM Guevara and three other U.S. Marshals were assigned to assist the Internal Revenue Service ("IRS") in executing a court-ordered real estate foreclosure and judicial sale at 560 Hobie Lane, San Jose, California. (*Id.* at ¶¶ 5-6); *see also United States v. Kubon*, 4:18-cv-4788-PJH (N.D. Cal.) at Dkt. No. 68. The declaration further states that Guevara and the other Marshals were present at the subject property in furtherance of a legitimate governmental purpose and were performing duties of their assignment within the scope of their employment. (Not. of Removal, Ex. B at ¶ 9.)

On April 28, 2023, Defendant filed a motion to dismiss for lack of subject matter jurisdiction and to dissolve the TRO. (Dkt. No. 15.) Plaintiff filed an opposition, and Defendant filed a reply.

On May 3, 2023, Plaintiff filed a motion to strike the notice of removal, a motion to remand, and a motion to change venue back to San Jose division. (*See* Dkts. No. 17-19.) Plaintiff

subsequently filed two amended motions to remand (*see* Dkt. Nos. 20, 23), and another motion to change venue.[2] (Dkt. No. 24.) Defendant filed an omnibus opposition to Plaintiff's motions. (Dkt. No. 27.) Plaintiff did not submit a reply.

On May 22, 2023, Plaintiff filed a motion to change the hearing date from June 9, 2023 to a later date in June. (Dkt. No. 30.)

The Court will address additional facts as necessary in the analysis.

## ANALYSIS

**A.  Removal was Proper Under Section 1442(a).**

Section 1442(a)(1) allows "any officer (or person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity," to remove to federal court a civil action against the officer "for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1). Under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal question element is met if the defense depends on federal law. *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 431 (1999). To qualify for removal under the statute, an officer of the federal courts must raise a colorable federal defense and establish that the suit is "for or relating to any act under color of office." 28 U.S.C. § 1442(a)(3). The purpose of the federal officer removal statute is to allow the defense to be adjudicated in a federal forum. *Willingham v. Morgan*, 395 U.S.C. 402, 407 (1969). Unlike the right to removal under 28 U.S.C. section 1441, removal jurisdiction under Section 1442 is broadly construed in favor of removal. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252-53 (9th Cir. 2006).

To satisfy the "for or relating to any act under color of office" requirement, "the officer must show a nexus, a causal connection between the charged conduct and the asserted official authority." *Jefferson Cnty.*, 527 U.S. at 431. To satisfy the federal defense requirement, the removing defendant need only show there is a legitimate question of federal law to be decided

---

[2] The Court considers the later-filed motion for remand and motion to transfer as superseding the earlier-filed motions, and the Court thus DENIES AS MOOT the earlier-filed motions at Dkt. Nos. 18, 20, and 19.

3

regarding the validity of the defense; the removing defendant need not prove the defense is meritorious. *Leite v. Crane Co.*, 749 F.3d 1117, 1124 (9th Cir. 2014).

Challenges to the existence of removal jurisdiction should be resolved within the same framework as challenges to jurisdiction under Rule 12(b)(1). That is, "[l]ike plaintiffs pleading subject-matter jurisdiction under Rule 8(a)(1), a defendant seeking to remove an action may not offer mere legal conclusions; it must allege the underlying facts supporting each of the requirements for removal jurisdiction." *Leite*, 749 F.3d at 1122 (citing *Gaus v. Miles, Inc.,* 980 F.2d 564, 567 (9th Cir.1992) (per curiam)). "A plaintiff who contests the existence of removal jurisdiction may file a motion to remand, *see* 28 U.S.C. § 1447(c), the functional equivalent of a defendant's motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1)." *Id.* Like under Rule 12(b)(1), a plaintiff's motion to remand may raise either a facial attack or a factual attack on the defendant's jurisdictional allegations. *Id.* "A 'facial' attack accepts the truth of the plaintiff's allegations but asserts that they 'are insufficient on their face to invoke federal jurisdiction.'" *Id.* at 1121 (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.2004)). "A 'factual' attack, by contrast, contests the truth of the plaintiff's factual allegations, usually by introducing evidence outside the pleadings." *Id.* (citing *Safe Air for Everyone*, 373 F.3d at 1039).

The Government alleges Defendant meets both requirements for removal under Section 1442. With regard to the "for or relating to any act under color of office" requirement, the Government alleges that the conduct Plaintiff complains of relates to a court-ordered eviction in which Defendant participated in the course of his employment as a Deputy U.S. Marshal. (Not. of Removal, Ex. B.) Mark Kolc, the Chief Deputy United States Marshal for the United States Marshals Service, Northern District of California has declared under penalty of perjury that Guevara was a federal employee acting within the scope of his federal employment during the events at Hobie Lane in October 2019, which form the basis of Plaintiff's TRO request. The Government further argues Defendant satisfies the federal defense requirement because Defendant can assert the defenses of sovereign immunity and the Supremacy Clause, which are colorable federal defenses.

4

Plaintiff contests Defendant's jurisdictional allegations arguing that "there is no mention of Defendant being a federal Marshall[sic] in Plaintiff's complaint," and Defendant cannot remove the case by "add[ing] to Plaintiff's complaint some language or condition that simply is not there." (Dkt. No. 23 at 2:24-28.) Plaintiff's argument is not a proper facial attack on the Government's jurisdictional allegations, which are sufficient on their face to support removal jurisdiction under Section 1442(a)(1). Nor has Plaintiff raised a factual attack by contesting the truth of Defendant's jurisdictional allegations. Plaintiff does not submit argument or evidence disputing the facts presented by Defendant regarding the event at Hobie Lane in 2019 nor does she contest the existence of a colorable federal defense or the requisite causal nexus. Thus, Plaintiff has failed to show that removal under Section 1442 was improper.

Plaintiff contends removal was improper for several other reasons. First, Plaintiff contends that remand is appropriate because the complaint does not involve a federal question and the parties are not diverse. However, as discussed above, the Government removed this action under Section 1442, which creates removal jurisdiction even as to cases that otherwise could not be commenced in or removed to federal court because they lack diversity or because the complaint lacks a federal question on its face. *See Jefferson Cnty.*, 527 U.S. at 431.

Next, Plaintiff asserts Defendant's removal was procedurally improper. The Court disagrees. 28 U.S.C. section 1446(a) ("Section 1446") requires the defendant to file in the District Court and division "within which such action is pending." Here, Defendant removed the action to the Northern District of California, which encompasses Santa Clara County, where the state court matter was pending. Defendant indicated that the divisional assignment should be in the San Jose division. (*See* Dkt. Nos. 1-3.) Defendant's removal was also timely under Section 1446(b)(1), which requires removal within 30 days after Defendant's receipt of the initial pleading. Here, Plaintiff filed the state court action on April 3, 2023. (Dkt; No. 1.) Defendant received the initial pleading on April 10, 2023, and removed on April 21, 2023, within the 30-day window.[3] Finally, Defendant provided sufficient notice of removal. Section 1446(d) requires that promptly after

---

[3] The U.S. Attorney's Office was notified of the action on April 11, 2023. (*See* Not. of Removal at 2; Oppn to Pltff Mot. Remand at n.1.)

5

filing the notice of removal, the defendant must give written notice of the removal to all adverse parties and file a copy of the notice with the clerk of the state court. Plaintiff was sent a copy of the notice of removal and notice to state court via Federal Express to the address listed on the state court complaint on April 21, 2023.[4] (Dkt. No. 4.) Defendant also filed a notice of the notice of removal in Santa Clara County Superior Court on April 21, 2023. (Declaration of Adrienne Zack ¶ 2, Ex A.) The Court finds proper notice was provided under Section 1446.

The Court finds the Government's allegations, substantiated by the scope of federal employment declaration, establish that the colorable federal defense and causal nexus requirements for removal jurisdiction have been met. Thus, removal was proper under Section 1442. The Court also concludes that Defendant complied with the procedures for removal. Plaintiff's motion for remand is DENIED. For the same reasons, Plaintiff's motion to strike, which largely reasserts the same arguments as the motion for remand, is DENIED.

**B.     The Court Grants the Motion to Dismiss and Dissolves the TRO.**

Defendant moves for an order dissolving the civil TRO issued by Santa Clara County Superior Court because it has expired on its face and because the state court lacked jurisdiction to enter it. Defendant also argues the case should be dismissed under the doctrine of derivative jurisdiction.

In cases removed under Section 1442, like this one, the federal court's jurisdiction is derivative of the state court's jurisdiction. *See See Cox v. United States Dep't of Agriculture*, 800 F.3d 1031, 1032 (9th Cir. 2015); *In re Elko City Grand Jury*, 109 F.3d 554, 555 (9th Cir. 1997). "If the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none." *Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co.*, 258 U.S. 377, 382 (1922). Thus, if the state court lacked jurisdiction over a given matter, the case was a nullity when filed and the district court could not acquire jurisdiction through removal under Section 1442. *See F.B.I. v. Superior Court of Cal.*, 507 F. Supp. 2d 1082, 1090 (N.D. Cal. 2007) (citing Beeman v.

---

[4] After removal and after her appearance in this action, Plaintiff filed a notice of mailing address update. (Dkt. No. 13.) Defendant then sent an additional copy of the notice of removal to Plaintiff at the updated address on May 5, 2023. (Dkt. No. 13.) This occurred within 30 days of the date on which Defendant received the initial pleading.

6

Olson, 828 F.2d 620, 621 (9th Cir. 1987)).  Though Congress eliminated the doctrine of derivative jurisdiction for actions removed under 28 U.S.C. section 1441, *see* 28 U.S.C. § 1441(f), the doctrine remains applicable to removals under Section 1442.  *Acosta v. Kijakazki*, No. 22-55288, 2023 WL 3033499, at *1 (9th Cir. Apr. 21, 2023) (citing *Cox*, 800 F.3d at 1032.)  The Government asserts that sovereign immunity and the Supremacy Clause deprived the state court of jurisdiction to enter the TRO, and thus this Court acquired none upon removal.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  A waiver of sovereign immunity must be "unequivocally expressed in statutory text."  *Lane v. Pena*, 518 U.S. 187, 192 (1996).  "An action seeking a judgment that would interfere with the public administration or restrain the Government from acting constitutes a suit against the United States."  *Figueroa v. Baca*, ED CV 17-1471 PA (AGRx), 2018 WL 2041383, at *2 (C.D. Cal. Apr. 30, 2018) (internal quotation and citations omitted).  Likewise, "[a]n action against a government employee constitutes a suit against the United States assuming it would have one of these effects."  *FBI v. Superior Court of Cal.*, 507 F. Supp. 2d 1082, 1094 (N.D. Cal. 2007); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[O]fficers acting within their authority generally…receive sovereign immunity" because an action against a government official in his official capacity is actually a "suit against the official's office.").  Courts have found similar applications for civil harassment orders and peace orders to barred by sovereign immunity.  *See Kline v. Johns*, No. 21-cv-03924-KAW, 2021 WL 3555734, at *3 (N.D. Cal. Aug. 2, 2021), *appeal dismissed*, No. 21-16316, 2021 WL 7442177 (9th Cir. Dec. 7, 2021); *Figueroa*, 2018 WL 2041383, at *3.

Here, the conduct that is the basis of Plaintiff's TRO request occurred when Guevara, acting within the scope of his employment as a DUSM, was assisting the IRS with a court-ordered eviction at 560 Hobie Lane.  Plaintiff does not contest that the actions complained of were those taken on October 29, 2019, when Guevara and other DUSMs were present at Hobie Lane to assist the IRS with eviction and foreclosure proceedings.  Further, Plaintiff does not contend, and the record does not suggest, she had any interaction with Guevara outside of his capacity as a federal employee.  Indeed, Plaintiff asserts she only knows of Guevara through a San Jose police report

7

and statements from her tenants. (Not. of Removal, Ex. A at 12.) Thus, Plaintiff has not established that this action should not be treated as one against the United States or that there has been an express waiver of sovereign immunity. Thus, the state court lacked jurisdiction to issue the TRO due to sovereign immunity, and pursuant to the doctrine of derivative jurisdiction, this Court lacks jurisdiction and must dismiss this case. Accordingly, the Court dissolves the TRO and dismisses the case.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion to remand and motion to strike. The Court GRANTS Defendant's motion to dissolve the TRO and dismiss.

Plaintiff's motion to transfer this case back to the San Jose division and motion to change the hearing date are DENIED AS MOOT.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 5, 2023

_____
JEFFREY S. WHITE
United States District Judge